UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TAMMY R. VAUGHN                    )
                                   )
v.                                 )    NO. 2:04-CV-437
                                   )
JO ANNE B. BARNHARDT,              )
Commissioner of Social Security    )

**MEMORANDUM OPINION**

The plaintiff Tammy R. Vaughn has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Vaughn was born in 1958 and was 45 years old at the time of her administrative hearing. [Tr. 33]. She graduated high school and has relevant past work experience as a customer service representative and a video store manager. [Tr. 16, 33]. Ms. Vaughn alleges she is disabled as of February 24, 2002, from a herniated disk, spinal stenosis, arthritis in her lower back, neck pain radiating to her right arm and hand, anxiety, depression, a seizure disorder, and migraine headaches. [Tr. 16-17]. Based upon a finding that her severe impairments were not severe enough, the

Administrative Law Judge [ALJ] found that Ms. Vaughn was not disabled as defined by the Social Security Act. [Tr. 20].

At Ms. Vaughn's administrative hearing held on March 31, 2004, the testimony of Ms. Vaughn and vocational expert Donna Bardsley was received into evidence. [Tr. 33-51]. Ms. Vaughn testified her last job was as a customer care advocate for Sprint PCS. [Tr. 33]. She was also employed as a video store manager. [Tr. 34]. Ms. Vaughn indicated the main reason she cannot work is lower back pain. [Tr. 35]. She also complained of a herniated disk in the middle part of her back, depression, anxiety, migraine headaches, and neck and hip pain. [Tr. 37-38, 41, 45, 47]. She is able to perform light housework but only for short periods of time. [Tr. 38].

Vocational expert Donna Bardsley testified next. [Tr. 49-51]. She classified Ms. Vaughn's past relevant work as a customer service representative as sedentary and semi-skilled and as a video store manager as light and skilled. [Tr. 49]. The ALJ then asked the vocational expert to consider a woman of Ms. Vaughn's height, weight, education, and work background who retained the residual functional capacity [RFC] to perform light work with an emotional disorder that placed mild restrictions on her ability to perform work-related activities. [Tr. 49]. Such a person needed to avoid hazardous work around dangerous machinery and unprotected heights. [*Id.*]. According to the vocational expert, such a person could work as a sales clerk, cashier,

Case 2:04-cv-00437   Document 16   Filed 01/18/06   Page 2 of 6   PageID #: 2

information clerk, order clerk, in a food service related occupation, cleaner, hand packager, sorter, and assembler, for example. [*Id.*].

The ALJ ruled that Ms. Vaughn was not disabled because her severe impairments of status-post laminectomy and a wound infection were not severe enough to warrant a finding of disability. [Tr. 20]. The ALJ then found Ms. Vaughn retained the RFC to perform light work (lifting 20 pounds occasionally and 10 pounds frequently). [Tr. 21]. With that RFC, Ms. Vaughn could return to her past relevant work as a customer service representative and a video store manager. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Vaughn requests summary judgment and challenges the ALJ's finding that

she did not suffer from a mental impairment. During the relevant time period of after February 24, 2002, Ms. Vaughn did not receive mental health treatment. The only documents in the administrative record regarding her mental health were from mental examinations pursuant to her benefits application. Dr. Karl Konrad examined Ms. Vaughn in February 2003 and determined her thoughts and ideas were normal and her behavior was appropriate for the situation. [Tr. 371]. She was also alert and oriented. [*Id.*]. In addition, Wade Smith, M.S., examined Ms. Vaughn in August 2003 and determined she did not meet the criteria for a personality disorder and did not have any mental condition to be diagnosed. [Tr. 390, 392]. She did not present as depressed. [Tr. 390]. Finally, in September 2003, Gina Frieden, Ph.D., reviewed Ms. Vaughn's record and concluded that she had no medically determinable impairment. [Tr. 393]. Based upon the above evidence and the lack of evidence in the medical records that Ms. Vaughn suffered from a mental impairment, the ALJ's decision was based on substantial evidence.

Ms. Vaughn also contends the ALJ erred by not finding that her migraine headaches and hernias were severe impairments. The burden of proof is on Ms. Vaughn to prove that she is disabled from the migraine headaches. Nothing in her brief to this court or in the medical evidence supports such a claim. No physician in the record found the migraine headaches to be disabling nor suggested any limitations

4

because of the pain they caused. Similarly, the record is devoid of any evidence that Ms. Vaughn's hernias are disabling. After hernia surgery in April 2002, the surgeon indicated Ms. Vaughn should only be off work for about six weeks. [Tr. 139]. Ms. Vaughn does not point to any physician statements about the severity of or the disabling aspect of her hernias. As such, the ALJ's decision was made with substantial evidence.

Finally, Ms. Vaughn argues the ALJ improperly evaluated her complaints of pain. The ALJ found that the objective evidence did not support Ms. Vaughn's allegations of disabling pain. According to the ALJ, Ms. Vaughn has been able to stand, ambulate, and use her hands following her various surgeries. [Tr. 21]. In addition, ongoing medical care has not been required for her. [*Id*.]. Ms. Vaughn also is not prescribed medication for her pain and she has not been referred to a pain clinic for treatment. [*Id*.]. None of her treating physicians indicated her pain was disabling or restricted her activities to the extent they are. [*Id*.]. Based on the above, the ALJ properly considered Ms. Vaughn's complaints of pain, and his decision that they were not supported was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Vaughn's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE